LESLIE N. SIMPSON et al.

*v.*

ERNEST C. KLIPSTEIN

[Decided March 4th, 1919.]

Where a decree of the court of chancery is reversed by the court of errors and appeals, with costs, both in the court of errors and appeals and the court of chancery, the court of chancery may, under the pro-

visions of section 91 of the act concerning the court of chancery (*1 Comp. Stat. p. 445*), on entering a decree on the *remittitur*, award a reasonable counsel fee to the party prevailing in the court of errors and appeals, for services rendered in the court of chancery, to be included in the taxed costs.

On bill. On application for the entry of decree on *remittitur*. On application for allowance of counsel fee.

*Mr. Frederick Seymour* and *Mr. Borden D. Whiting,* for the defendant applicant.

*Messrs. Griggs & Harding* and *Judge Holmes* (of the New York bar), for the complainants opposed.

LANE, V. C.

The decree of this court granting specific performance was reversed by the court of errors and appeals. A motion is now made in this court on behalf of defendant to enter a decree dismissing the bill, in accordance with the *remittitur* from the court of errors and appeals, and at the same time application is made for a counsel fee to be included in the taxed costs awarded defendant in this court. The decree in this court granting specific performance awarded complainants costs in this court and directed that there should be included therein a counsel fee of $350, the allowance being made by virtue of the provisions of section 91 of an act concerning the court of chancery. *1 Comp. Stat. p. 445.* The power of this court to include a counsel fee in the costs of a party unsuccessful here, but successful in the court of errors and appeals, upon the entry of a decree upon *remittitur,* or otherwise, seems not to have been passed upon either by this court or by the court of errors and appeals. The *remittitur* from the court of errors and appeals reads as follows: "Ordered, adjudged and decreed that the decree of the chancellor filed the 5th day of January, 1918, be and the same is hereby reversed, set aside and for nothing holden, with costs 'both in this court and in the court of chancery, to be paid by the respondents." While the opinion filed in the court of errors and appeals says nothing with respect to costs in this court, the

opinion concluding: "The decree below will be reversed, with costs," yet I conceive I am bound by the terms of the *remittitur*, which in precise terms awards costs in this court.

The respondent is placed in precisely the same position, I think, so far as costs are concerned, as if he had originally prevailed in this court, in which event this court might have awarded a counsel fee under the provisions of the statute. Unless the court now has power to award a counsel fee it would seem that a party who the court of errors and appeals has held ought to have originally prevailed here would be unable to in any event take advantage of the statute, as it is unlikely that the court of errors and appeals would, in the first instance, award a counsel fee for services performed in this court, the award and the amount of which is by the statute committed to the discretion of the chancellor. Although there are no decided cases upon the point in this state, yet I am advised that the Ordinary has, in one or more cases, awarded fees to counsel for services rendered in the court of errors and appeals on appeal from the prerogative court as well as for services rendered in the prerogative court. It has been held in New York that the lower court may upon a *remittitur* from the court of appeals carrying costs in the lower court, entertain a motion made by the prevailing party in the court of appeals for an additonal allowance which, under our practice, would be a counsel fee. *Jermain* v. *Lake Shore & M. S. R. R. Co. (January Term, First Department, 1884), 31 Hun 558; Parrott* v. *Sawyer (January Term, First Department, 1882), 26 Hun 466.* See *City of New Orleans* v. *Whitney, Administrator, 138 U. S. 595; 34 L. Ed.* (at *p. 1109*) ; *15 Corp. Jur.* §§ *650, 651, &c., and notes.*

I am of the opinion that a reasonable counsel fee may be allowed to be included in the taxed costs in this case.

As to the amount: I allowed the complainants who prevailed in this court $350. Application is made by counsel for defendant for a considerably larger allowance. For reasons which I think will appear from a consideration of my opinion in this court, I consider that an allowance to counsel for defendant in this court of $300 would be adequate. This is as much of

the expense of defendant of the litigation that I think complainants should be compelled to bear. The allowance, of course, is without prejudice to counsel for defendant charging his client whatever may be a reasonable fee.